IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD E. WALTON,

      Plaintiff,                          No. CIV S-08-1347 GEB DAD P

    vs.

C. MURRAY, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to this court's July 1, 2008 order, plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $2.20 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must

1  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
2  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
3  plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
4  (1969).
5        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
14  omits to perform an act which he is legally required to do that causes the deprivation of which
15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16        Moreover, supervisory personnel are generally not liable under § 1983 for the
17  actions of their employees under a theory of respondeat superior and, therefore, when a named
18  defendant holds a supervisorial position, the causal link between him and the claimed
19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
21  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
22  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
23  Cir. 1982).

24        In his complaint, plaintiff has identified as defendants Ernst, Knudsen, Lee, Long,
25  Murray, Noble, Ringler, Scotland, Scott, and Stubbs.  All of the defendants appear to be
26  employed at CSP-Solano.

1    Plaintiff alleges that, on May 15, 2007, defendant Murray verbally and physically
2 assaulted him when he pushed him out of his housing unit and attempted to shove his face into a
3 fence.  Plaintiff further alleges that defendant Ringler threatened him with bodily harm, and
4 defendant Noble told him that it would not be difficult to assign him to Yard 4.  According to
5 plaintiff, defendant Noble did so because he wanted to make sure plaintiff did not file an
6 administrative grievance, presumably about this incident.
7    Plaintiff also alleges that after 10:00 p.m. on May 23, 2007, defendants Ernst,
8 Scotland, Scott, and Stubbs, opened his cell door, surrounded his bunk and shined flashlights on
9 him to wake him from his sleep.  Plaintiff alleges that they harassed and intimidated him and told
10 him to withdraw his administrative grievance.
11    Finally, plaintiff alleges that, on June 5, 2007, defendant Knudsen found him
12 guilty of a rules violation but never gave him an opportunity to explain that defendant Murray
13 had assaulted him.  Plaintiff further alleges that defendants Long and Lee improperly transferred
14 him from Level 2 to Level 3 without proper documentation or endorsements.  Plaintiff also
15 alleges that defendant Wantuck never evaluated him to determine whether he could live in the
16 gym .  He only asked him whether he felt like hurting himself.
17    Plaintiff requests compensatory damages and punitive damages for defendants
18 alleged constitutional violations.
19    The allegations in plaintiff's complaint are so vague and conclusory that the court
20 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
21 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
22 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
23 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
24 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
25 with at least some degree of particularity overt acts which defendants engaged in that support his
26 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

4

8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, if plaintiff elects to pursue this action by filing an amended complaint, the court advises him of the following legal standards that govern his civil rights claims. First, plaintiff is advised that allegations of verbal harassment or abuse alone does not violate the Constitution and thus does not give rise to a claim for relief under 42 U.S.C. § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional deprivation under § 1983). Even verbal conduct that constitutes a threat does not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987).

Plaintiff is also advised that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). As the Ninth Circuit has explained:

> An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another. Unless there is some guarantee that transfer will not be effected except for misbehavior or some other specified reason, due process protections cannot apply.

/////

1  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  Thus, plaintiff's alleged deprivations of

2  rights caused by prison officials' decisions regarding his place of confinement or housing

3  assignments do not give rise to a federal constitutional claim under the Fifth and Fourteenth

4  Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

5         To the extent that plaintiff seeks to bring an excessive force claim, he is advised

6  that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment

7  prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See

8  also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06

9  (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment, as

10  "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the

11  conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

12  What is needed to show unnecessary and wanton infliction of pain "varies according to the nature

13  of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing

14  Whitley, 475 U.S. at 320).  The plaintiff must show that objectively he suffered a sufficiently

15  serious deprivation and that subjectively each defendant had a culpable state of mind in allowing

16  or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

17         Finally, to the extent that plaintiff seeks to bring a retaliation claim, he is advised

18  that both litigation in this court and filing administrative grievances are protected activities.

19  Therefore, it is impermissible for prison officials to retaliate against prisoners for engaging in

20  these activities.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  As the Ninth

21  Circuit has explained:

22      Within the prison context, a viable claim of First Amendment
    retaliation entails five basic elements: (1) An assertion that a state
23      actor took some adverse action against an inmate (2) because of (3)
    that prisoner's protected conduct, and that such action (4) chilled
24      the inmate's exercise of his First Amendment rights, and (5) the
    action did not reasonably advance a legitimate correctional goal.
25

26  /////

1  Rhodes, 408 F.3d at 567-68.  However, not every allegedly adverse action is sufficient to support
2  a claim for retaliation.  See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000)
3  (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this,
4  therefore because of this.").

5        Plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading.  This is because, as a
8  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12       Accordingly, IT IS HEREBY ORDERED that:

13       1.  Plaintiff's July 11, 2008 application to proceed in forma pauperis is granted.

14       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 Plaintiff is assessed an initial partial filing fee of $2.20.  All fees shall be collected and paid in
16 accordance with this court's order to the Director of the California Department of Corrections
17 and Rehabilitation filed concurrently herewith.

18       3.  Plaintiff's complaint is dismissed.

19       4.  Plaintiff is granted thirty days from the date of service of this order to file an
20 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
21 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
22 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
23 amended complaint in accordance with this order will result in a recommendation that this action
24 be dismissed without prejudice.

25 /////

26 /////

1    5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
civil rights action.

DATED: July 18, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
walt1347.14