# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD E. WALTON, )
        Plaintiff, )   2:08-CV-01347-RLH (VPC)
    vs. )
C. MURRAY, *et al*., )   **REPORT AND RECOMMENDATION**
        Defendants. )   **OF U.S. MAGISTRATE JUDGE**
_____ )   May 28, 2009

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Ronald E. Walton ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on April 2, 2007, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff requested authority pursuant to 28 U.S. § 1915 to proceed in forma pauperis, which was granted in the court's July 18, 2008 order (#9). The court also dismissed plaintiff's complaint with leave to amend because the allegations were "so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief."*Id*. Plaintiff was required to allege with some degree of particularity "overt acts which defendants engaged in that support his claims." *Id*. p. 4. The court also advised plaintiff of the legal standard that govern his civil rights claims. *Id*. p. 5. First, "allegations of verbal harassment and abuse alone does not violate the Constitution...,[e]ven verbal conduct that constitutes a threat does not rise to the level of a constitutional violation." *Id*. Second, "inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility." *Id*. Third, "neither accident nor negligence" constitutes cruel and unusual punishment in an excessive force claim. *Id*. p. 6. Finally, the court set out the requirements of a retaliation claim, and stated that "not every allegedly adverse action is sufficient to support a claim for retaliation. *Id.* In his amended complaint, plaintiff names as defendants A. Scotland, C.J. Stuffs, D. Ernst, D. Scott, R. Knudsen, and R. Long, correctional officers at CSP-Solano; G.

Lee, caseworker at CSP-Solano; and Dr. Wantuck, psychologist at CSP-Solano. *Id*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

Plaintiff claims that defendants Murray, Ringler, and Noble violated his Eighth Amendment rights by using excessive force. Specifically, on May 15, 2007, defendant Murray

"violently shov[ed] [plaintiff] from behind and push[ed] plaintiff out of the housing unit" (#12, p. 4). Plaintiff also alleges that during this altercation, defendant Murray pushed his face into a fence and defendant Ringler kicked his legs apart despite plaintiff's statement that he had a mobility impairment. *Id*. Plaintiff also alleges that defendants Murray, Ringler, and Noble violated his Eighth Amendment rights by verbally threatening him. *Id*. Further, defendants Scott and Ernst retaliated against plaintiff for filing an inmate appeal by opening the door to the housing unit of mental illness inmates in an effort to intimidate plaintiff. Plaintiff also claims that defendant Knudsen violated his due process rights, and that defendants Long and Lee violated his Eighth Amendment rights by placing him in "level 3" custody *Id*. p. 5-6. Finally, defendant Wantuck was deliberately indifferent to his mental health needs by allowing him to be placed in level 3. *Id*. p. 6. Plaintiff also attaches the exact same list of defendants and descriptions that was included with his first complaint.

The court concludes that plaintiff's complaint is again so vague and conclusory that the court is still unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff has not changed the allegations brought in his first complaint. As the court previously advised, verbal threats do not rise to the level of a constitutional violation. Plaintiff describes his excessive force claim against defendants Murray, Ringler, and Noble using nearly the same language as in his original complaint; this claim is still too vague and conclusory for the court to determine whether the claim is frivolous. Further, plaintiff does not have a constitutional right to be incarcerated in a particular cell or unit within the facility. Plaintiff has provided no detail as to the circumstances of his due process violation against defendant Knudsen, and he does not meet the short and plain statement requirement. Therefore, plaintiff's claims against defendants Scotland, Stubbs, Ernst, Scott, Lee, and Knudson are dismissed. Plaintiff also fails to state a claim against defendant Wantuck. He alleges that Dr. Wantuck allowed plaintiff to be transferred to another unit. As previously stated, plaintiff does not have a constitutional right to be housed in a particular unit. Additionally, plaintiff does not allege that Dr. Wantuck delayed medical treatment or failed to treat plaintiff for any illness, or that she was deliberately indifferent

to any serious medical need. Therefore, plaintiff's claims against Dr. Wantuck are dismissed.

Because plaintiff has failed to correct the inadequacies in his original complaint, the court recommends that plaintiff's first amended complaint (#12) be dismissed without prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IT IS THEREFORE RECOMMENDED** that plaintiff's first amended complaint (#12) be **DISMISSED** without prejudice.

**DATED:** May 27, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**